IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | |
| Plaintiff, | CIVIL ACTION NO. 1:05cv427 LG-RHW |
| CITY OF MOSS POINT | JURY TRIAL DEMAND |
| Defendant. | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Jimmy Fields. The Equal Employment Opportunity Commission (the EEOC) alleges that, in September 2004, the Defendant, City of Moss Point ("Moss Point" or "Defendant") discriminated against Jimmy Fields, then 61, by failing to hire him because of his age.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §626 (b) (the ADEA),

1

which incorporates by reference Sections 16 (c) and 17 of the Fair Labor Standards Act of 1938 (the FLSA), as amended 29 U.S.C. §§ 216 (c) and 217.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division.

## PARTIES

3. The Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7 (b) of the ADEA, 29 U.S.C. § 626 (b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3782, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times Defendant Moss Point has continuously been doing business in the State of Mississippi and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been and is now an employer within the meaning of Section 11 (b) of the ADEA, 29 U.S.C. § 630 (b).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect the voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7 (b) of the ADEA, 29 U.S.C. §626 (b).

## **STATEMENT OF CLAIMS**

7. On July 14, 2004, after noting that the Defendant was advertising in the paper for a Director of Human Resources, Jimmy Fields applied for the position. At the time that he applied he was 61 years of age.

8. Jimmy Fields met or exceeded all the job requirements delineated in the advertisement.

9. The job requirements listed in the advertisement mirrored exactly the requirements listed in Defendant's job description for the position of Human Resources Director.

10. On September 13, 2004, Jimmy Fields was notified that Respondent had chosen another candidate for the position of Human Resources Director.

11. The candidate selected was a 21 year old female who had just graduated from college with a degree in English/Journalism and who had no relevant experience.

12. Jimmy Fields has a degree in Business Administration and 38 years of human resources experience, 15 of them in management.

13. Jimmy Fields was rejected because of his age.

14. The practices engaged in by Defendant deprived Jimmy Fields of equal employment opportunities and otherwise adversely affected his status as an employee because of his age in violation of Section 4(a)(1) of the ADEA, 29 U.S.C.§ 623(a)(1).

15. The unlawful employment practices complained of above were willful within the meaning of Section 7 (b) of the ADEA, 29 U.S.C. § 626 (b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant, its officers, agents, successors, assigns and all persons in active concert or participation with it, from failing to hire or from any other employment practices which discriminate on the basis of age against individuals 40 years of age or older.

B.  Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all of its employees 40 years of age or older and which eradicate the effects of its past and present unlawful employment practices.

C.  Grant a judgment requiring Defendant to pay appropriate unpaid wages in an amount to be determined at trial, an equal sum as liquidated damages, and, as appropriate, prejudgment interest to Jimmy Fields.

D.  Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to instatement of Jimmy fields and other affirmative relief necessary to eradicate the effects of the unlawful practices, including but not limited to reinstatement or front pay.

E.  Grant such further relief as the Court deems necessary and proper.

F.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

**ERIC S. DREIBAND**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

Equal Employment Opportunity Commission
1801 "L" Street, Northwest
Washington, D.C. 20507

_____
**CHARLES E. GUERRIER**
Ohio Bar # 0023546
Regional Attorney

_____
**PAMELA K. AGEE** AL Bar # ASB-1713-A52P
Senior Trial Attorney for the Plaintiff

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205
Telephone: (205)212-2050
Fax Number(205) 212-2041
pamela.agee@eeoc.gov